IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

PAMELA D. CLEVENGER                                                    PLAINTIFF
200 Ruby Drive, #1A
Elizabethtown, Kentucky 42701

                                          3:17-CV-372-CRS
                              Case No. _____

v.                                       Charles R. Simpson, III
                              Judge_____

JPMORGAN CHASE BANK, N.A.                                             DEFENDANTS
d/b/a CHASE
270 Park Avenue
New York, New York 10017

        SERVE:      Jamie Dimon, Chairman, Board of Directors
                    270 Park Avenue
                    New York, New York 10017
                    (BY KENTUCKY SECRETARY OF STATE)
AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:      CSC-Lawyers Incorporating Service Co.
                    421 W. Main Street
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

> SERVE:        The Prentice Hall Corporation System
>               421 W. Main Street
>               Frankfort, Kentucky 40601
>               (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

> SERVE:        CT Corporation System
>               306 W. Main Street, Suite 512
>               Frankfort, Kentucky 40601
>               (BY CERTIFIED MAIL)

** ** ** **

### VERIFIED COMPLAINT

Comes the Plaintiff, Pamela D. Rooks, by counsel, and for her Verified Complaint against the Defendants, JPMorgan Chase Bank, N.A. d/b/a Chase ("Chase"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

### I. PRELIMINARY STATEMENT

1.     This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. and the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), arising out of Chase's false reporting to Equifax, Trans Union and Experian, of an alleged delinquent debt, and Chase's, Equifax's, Trans Union's and Experian's failure to investigate Plaintiff's disputes of Chase's credit reporting and Defendants' failure to correct

2

Chase's false reporting on Plaintiff's Equifax, Trans Union and Experian credit reports.

## II. PARTIES

2.      Plaintiff, Pamela D. Rooks, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 200 Ruby Drive, #1A, Elizabethtown, Kentucky 42701.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.      Plaintiff is an "obligor" as that term is defined in the TILA, 15 U.S.C. §1666.

5.      Defendant, Chase, is a national banking association doing business in the Commonwealth of Kentucky with its principal place of business at 270 Park Avenue, New York, New York, 10017.

6.      Chase is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

7.      Chase is a "creditor" as that term is defined by the TILA, 15 U.S.C. §1602g.

8.      Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

9.      Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

10.     Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

11.     Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

12.     Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

13.     Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

14.     Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

15.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

16.     Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III.  JURISDICTION

17.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to the TILA 15 U.S.C. §1640(e); (3) pursuant to 28 U.S.C. §1331; and (4) because the transactions and occurrences giving rise to this action occurred in Hardin County, Kentucky as a result of the Defendants' doing business in Hardin County, Kentucky.

### IV.  FACTUAL BACKGROUND

18.     In or around August 1992, Plaintiff opened a credit card account with Chase, Account No. 41213712****.  Plaintiff opened an additional credit card account with Chase in February 2003, Account No. 51794564****.

19.     In or around December 2012, Chase charged off Account No. 41213712**** in the amount of $4,849.00, presumably Plaintiff's remaining balance on the credit card, pursuant to 26

4

U.S.C. § 6050P(b)(2)(G).   At the same time, Chase charged off Account No. 517945564**** in the amount of $1,515.00, presumably Plaintiff's remaining balance on the credit card, pursuant to 26 U.S.C. § 6050P(b)(2)(G).

20.     In 2013, Chase forwarded Plaintiff Forms 1099-C reflecting Chase's discharge of the alleged debt on both accounts.  Upon information and belief, Chase contemporaneously filed the Forms 1099-C with the Internal Revenue Service.

21.     Pursuant to the 1099-C forms forwarded to Plaintiff by Chase, Plaintiff claimed the forgiven and discharged Chase debt as income during the 2013 tax year.

22.     In March 2017, Plaintiff, while in the process of seeking home mortgage financing, accessed her Equifax, Trans Union and Experian credit reports and discovered derogatory tradelines furnished by Chase referencing Plaintiff's alleged Chase credit card debt for the two discharged Chase accounts. Equifax, Trans Union and Experian reported the alleged debt, forgiven and discharged by Chase, as "past due" and owing to Chase.

23.     Immediately upon discovering Chase's false and derogatory tradelines, Plaintiff filed disputes with Equifax, Trans Union and Experian regarding the inaccuracy of the Chase tradelines given Chase's forgiveness and discharge of the alleged debt.

24.     Upon information and belief, Equifax, Trans Union and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Chase of the disputes at or within five (5) days of Equifax's, Trans Union's and Experian's receiving notice of the disputes from Plaintiff.

25.     In April 2017, Chase, Equifax, Trans Union and Experian verified the alleged past due Chase accounts.

26.     Despite Plaintiff's lawful request for removal of the disputed items pursuant to the FCRA, Chase, Equifax, Trans Union, and Experian failed to investigate Plaintiff's disputes and

failed to remove the disputed items from Plaintiff's credit reports.

27.     Upon information and belief, Chase, Equifax, Trans Union, and Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Chase's, Equifax's, Trans Union's and Experian's receipt of Plaintiff's disputes.

28.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or have been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of Plaintiff's alleged past due account.

## V. CLAIMS

### Negligence – Chase

29.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30.     Chase's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Trans Union, and Experian regarding the alleged past due accounts was negligent under applicable law.  In failing to investigate Plaintiff's disputes and in falsely reporting the alleged past due accounts, Chase breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

31.     Chase's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Trans Union and Experian regarding the alleged past due accounts has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

32.     Chase's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Trans Union and Experian regarding the alleged past due accounts was willful and wanton,

entitling Plaintiff to punitive damages therefor.

## Negligence – Equifax

33.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34.     Equifax's failure to investigate Plaintiff's disputes and its failure to remove and/or amend Chase's false report of Plaintiff's alleged past due Chase accounts from Plaintiff's Equifax credit reports, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent.  In failing to investigate Plaintiff's disputes and in failing to remove and/or amend the Chase tradelines, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights. Equifax's negligent failure to remove Chase's alleged past due account from Plaintiff's Equifax credit reports has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

35.     Equifax's failure to investigate Plaintiff's disputes and its failure to remove and/or amend Chase's tradelines on Plaintiff's credit reports, despite Plaintiff's lawful notices to Equifax of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Negligence – Trans Union

36.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37.     Trans Union's failure to investigate Plaintiff's disputes and its failure to remove and/or amend Chase's tradelines on Plaintiff's Trans Union credit reports, despite Plaintiff's lawful notices to Trans Union of the falsity of the reports, was negligent.  In failing to investigate Plaintiff's disputes and in failing to remove and/or amend Chase's tradelines, Trans Union

7

breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

38.     Trans Union's negligent failure to investigate Plaintiff's disputes and to remove and/or amend Chase's tradelines on Plaintiff's Trans Union credit reports has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

39.     Trans Union's failure to investigate Plaintiff's disputes and to remove and/or amend Chase's tradelines on Plaintiff's Trans Union credit reports, despite Plaintiff's lawful notices to Trans Union of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

40.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41.     Experian's failure to investigate Plaintiff's disputes and to remove and/or amend Chase's tradelines on Plaintiff's Experian credit reports, despite Plaintiff's lawful notices to Experian of the falsity of the reports, was negligent.  In failing to investigate Plaintiff's disputes and to remove Chase's tradelines from Plaintiff's Experian credit reports, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

42.     Experian's negligent failure to investigate Plaintiff's disputes and to remove and/or amend Chase's tradelines on Plaintiff's Experian credit reports has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial

decline in Plaintiff's credit rating, and other compensatory and consequential damages.

43.     Experian's failure to investigate Plaintiff's disputes and to remove and/or amend Chase's tradelines on Plaintiff's Experian credit reports, despite Plaintiff's lawful notices to Experian of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Defamation – Chase

44.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45.     Chase, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Trans Union, and Experian, and other currently unknown individuals and/or entities who have accessed Plaintiff's Equifax, Trans Union, and Experian credit reports, that Plaintiff has past due accounts with Chase. Chase's statements were false and were made with conscious disregard for the rights of the Plaintiff.

46.     Chase's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Chase accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – Equifax

47.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48.     Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Chase, and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has past due accounts with Chase. Equifax's statements were false and were made with conscious

disregard for the rights of the Plaintiff.

49.     Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Chase accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

**Defamation – Trans Union**

50.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 49 as if fully set forth herein.

51.     Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Chase, and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has past due accounts with Chase.  Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

52.     Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Chase accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

**Defamation – Experian**

53.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 52 as if fully set forth herein.

54.     Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Chase and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has past due accounts with Chase.  Experian's statements were false and were made with

10

conscious disregard for the rights of the Plaintiff.

55.     Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Chase accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Chase

56.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57.     Chase's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged past due Chase accounts are violations of Chase's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

58.     Chase's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Chase is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

59.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

60.     Equifax's failure to investigate Plaintiff's disputes and to remove and/or amend the disputed Chase tradelines on Plaintiff's Equifax credit reports despite Equifax's knowledge of the falsity of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

61.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or

evidence, and its failure to make any and/or sufficient attempts to remove the disputed items from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

62.    Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

63.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 62 as if fully set forth herein.

64.    Trans Union's failure to investigate Plaintiff's disputes and to remove and/or amend the disputed Chase tradelines on Plaintiff's Trans Union credit reports despite Trans Union's knowledge of the falsity of the disputed items are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

65.    Trans Union's failure to investigate Plaintiff's disputes, to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items from Plaintiff's Trans Union credit reports within a reasonable time following Trans Union's receipt of Plaintiff's disputes are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

66.    Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

## Negligent Violation of the Fair Credit Reporting Act – Experian

67.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 66 as if fully set forth herein.

68.     Experian's failure to investigate Plaintiff's disputes and to remove and/or amend the disputed Chase tradelines on Plaintiff's Experian credit report despite Experian's knowledge of the falsity of the disputed items are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

69.     Experian's failure to investigate Plaintiff's disputes, to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to amend and/or remove the disputed items from Plaintiff's Experian credit report within a reasonable time following Experian's receipt of Plaintiff's disputes are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

70.     Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

## Willful Violation of the Fair Credit Reporting Act – Chase

71.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 70 as if fully set forth herein.

72.     Chase's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged past due Chase accounts, despite Chase's knowledge of the falsity of its reporting, are willful violations of Chase's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

73.     Given Chase's knowledge of the falsity of its reporting, Chase's violations of the

FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Chase is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiffs' attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

74.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 73 as if fully set forth herein.

75.    Equifax's failure to investigate Plaintiff's disputes and to remove and/or amend the Chase tradelines on Plaintiff's Equifax credit report despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

76.    Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove and/or amend the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

77.    Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

78.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 77 as if fully set forth herein.

79.    Trans Union's failure to investigate Plaintiff's disputes and to remove and/or amend

14

the Chase tradelines on Plaintiff's Trans Union credit report despite Trans Union's knowledge of the falsity of the disputed items are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

80.     Trans Union's failure to investigate Plaintiff's disputes, to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove and/or amend the disputed items within a reasonable time following Trans Union's receipt of Plaintiff's disputes are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

81.     Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

82.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 81 as if fully set forth herein.

83.     Experian's failure to investigate Plaintiff's disputes and to remove and/or amend the Chase tradelines on Plaintiff's Experian credit report despite Experian's knowledge of the falsity of the disputed items are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

84.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove and/or amend the disputed items within a reasonable time following Experian's receipt of Plaintiff's disputes are

willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

85.     Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Violation of the Truth in Lending Act – Chase

86.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 85 as if fully set forth herein.

87.     Chase's initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged Chase past due account balance is a violation of Chase's duties as a creditor pursuant to the TILA, 15 U.S.C. §1666a.

88.     Chase's violations of the TILA entitles Plaintiff to statutory damages, actual damages and attorneys' fees pursuant to 15 U.S.C. §1640.

WHEREFORE, Plaintiff, Pamela D. Rooks, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,


*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY  40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Pamela D. Rooks, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_Pamela D. Rooks_
Pamela D. Rooks

COMMONWEALTH OF KENTUCKY )
                         ) SS
COUNTY OF JEFFERSON      )
         Hardin

Subscribed, sworn to and acknowledged before me by Pamela D. Rooks this 15th day of

_____, 2017.

_____
Notary Public

Commission expires: 4/7/2021

KYLE REYNOLDS
NOTARY PUBLIC
STATE AT LARGE, KY.

18